# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

**FILED**
**JUL 11 2019**
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

In the Matter of the Search of )
11635 HelenOak Drive. Black Jack, MO 63033, within the Eastern )
District of Missouri.  A 1-story, single-family residential style house, )
affixed with partial red/brown brick siding on the front and beige vinyl )
siding on the front and sides of the residence, a light brown roof, located )
on the West side of HelenOak Dr. and contains a green door with the )
numbers "11635" in black lettering above the garage door. The side of
the **target residence** is affixed with an attached garage
(See Attachment A.)

Case No. 4:19 MJ 1313 JMB

## APPLICATION FOR A SEARCH WARRANT

I, __Matthew Binnie__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**11635 HelenOak Drive. Black Jack, MO 63033**

located in the _____EASTERN_____ District of _____MISSOURI_____, there is now concealed

**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ✓ evidence of a crime;
  ✓ contraband, fruits of crime, or other items illegally possessed;
  ✓ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, USC Section 841 and 846 | possession with the intent to distribute controlled substances and conspiracy |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

  ✓ Continued on the attached sheet.
  ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is
requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*
MATTHEW BINNIE
Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____July 11, 2019_____

_____
*Judge's signature*

City and State: _____St. Louis, MO_____

Honorable John M. Bodenhausen. U.S. Magistrate Judge
*Printed name and title*
AUSA:    Thomas J. Mehan

FILED
JUL 11 2019
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## AFFIDAVIT FOR SEARCH WARRANT
## 4:19 MJ 1313 JMB and 4:19 MJ 1314 JMB

### I. INTRODUCTION

1.  Matthew W. Binnie, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration (DEA), duly appointed according to law and acting as such. I am a Special Agent with the Drug Enforcement Administration (hereinafter DEA), United States Department of Justice (hereinafter DOJ), currently assigned to the St. Louis Division. I have been employed as a DEA Special Agent since September 2018. During the course of my law enforcement experience, I have participated in investigations involving controlled substances, including complex investigations involving drug trafficking organizations dealing in cocaine, methamphetamine, heroin, marijuana, and other controlled substances. Prior to becoming a Special Agent, I served four (4) years in the United States Navy.

### II. LOCATION(S) TO BE SEARCHED.

2.  This affidavit is in support of an application of a search warrant for the premises:

**Target residence** is described as a 1-story, single-family residential style house, affixed with partial red/brown brick siding on the front and beige vinyl siding on the front and sides of the residence, a light brown roof and a residential address is **11635 HelenOak Drive. Black Jack, MO 63033** (hereinafter referred to as the **target residence**.) The **Target residence** is located on the West side of HelenOak Dr. and contains a green door with the numbers "11635" in black lettering above the garage door. The side of the **target residence** is affixed with an attached garage. A law enforcement database inquiry of 11365 HelenOak Dr. Black Jack, MO. 63033, revealed the name Allen Williams (hereinafter **WILLIAMS**) listing this as one his registered address.

**Target vehicle**: 2018 Nissan Murano, Brown, IL plate P861965, VIN 5N1AZ2MH8JN134289

One photograph of the **Target Residence** is set out in **Attachment A**.

1

3. The facts alleged in this affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a search warrant, I have not included every fact known to me regarding this investigation.

4. I believe there is probable cause to believe that there is now concealed in the location to be searched contraband or other items which constitute the fruits of or evidence of unlawful activity, to wit: controlled substances, books, records, receipts, notes, ledgers and other papers relating to the possession and distribution of controlled substances, which may include the following:

- Heroin/ Fentanyl;
- Records relating to the transportation, order, purchasing, and distribution of controlled substances; and
- Significant amounts of U.S. currency;
- Mailing labels and packaging materials both used and unused;
- Paraphernalia for packaging, cutting, weighing, and distribution of drugs, including but not limited to scales, plastic bags, and cutting agents; and
- Evidence of occupancy, residency, rental and/or ownership of the premises.

Which are contraband and/or evidence of crimes which include violations of: Title 21, Sections 841(a) (1) and 846, possession with the intention to distribute heroin and conspiracy to possess with the intent to distribute heroin. The items believed to be stored at the residence are set forth in the attached list.

### III.  INVESTIGATION AND PROBABLE CAUSE.

5. The facts to support the issuance of the search warrant for the premise located at **11635 HelenOak Dr. Black Jack, MO 63033 (Target Residence)** and are as follows:

6. In April of 2019, members of DEA Enforcement Group 37 from the St. Louis Division Office initiated an investigation into the Allen WILLIAMS Drug Trafficking Organization (DTO) which is distributing mid-level quantities of heroin/fentanyl in the St. Louis Metropolitan area. Investigators have learned that WILLIAMS has been utilizing the residence at **11635 HelenOak Dr. Black Jack, MO 63033 (Target Residence)** to sell, store and process mid-level quantities of heroin/fentanyl.

7. On July 3, 2019, a Federal Arrest Warrant was issued for Allen WILLIAMS for Possession with the intent to distribute a controlled substance (Title 21, United States Code, Section 841(a)(1)) ~~resulting from a Grand Jury Indictment~~ on February 6, 2019.

8. On July 11, 2019 at approximately 9:30 A.M., investigators observed WILLIAMS in the **target vehicle** operating in the area of Kingshighway and Ashby Avenue.

9. Investigators conducted mobile surveillance, followed WILLIAMS to 4959 Ashby Avenue, St. Louis, MO. 63115, another registered address of WILLIAMS.

10. WILLIAMS was then observed leaving 4959 Ashby. Investigators conducted mobile surveillance and followed WILLIAMS to the **target residence**. WILLIAMS was then observed backing the **target vehicle** into the driveway of the **target residence**, exit, and utilize a device to open the garage door of the **target residence** and enter.

11. Investigators then contacted the United States Marshal Service and informed them of WILLIAMS' location at the **target residence**.

12. At approximately, 1:00 P.M., the United States Marshal Services arrived at the

**target residence to** carry out the Arrest Warrant of WILLIAMS.

13. Upon arriving at the **target residence**, USMS deputies knocked and announced their presence at the front door of the **target residence**. After knocking and announcing, deputies breached the front door of the **target residence**, deputies began to call out any and all subjects in the **target residence**. A 16 year old black male who identified himself as Ivan Mason, told investigators that Allen WILLIAMS was located in the back bedroom of the **target residence**. At that same time, Deputies called out to WILLIAMS to come to the front door of the **target residence**. Williams then presented himself at the front door of the **target residence**.

14. While conducting a protective sweep of the **target residence**, a money counter, marijuana, heroin, and fentanyl were observed in plain view on the dresser in the bedroom of the **target residence** occupied by WILLIAMS and where WILLIAMS confirmed he was staying to investigators.

14. Also during the arrest, United States Marshal Service Canine Jax and handler Deputy/TFO Sean Wingron, trained to sniff and alert to distinctive odors of controlled substance including: Heroin, Cocaine, Methamphetamine, and Marijuana, alerted to these odors in an aggressive manner by scratching at the door of the **target vehicle**.

4

### D.   Training and Experience of Investigative Team.

15.   I have had extensive experience, as have other members of the investigating team, in interviewing defendants, witnesses, informants and others who have experience in the gathering, spending, converting, transporting, distributing and concealing of proceeds of narcotics trafficking. Based upon my and the investigating team's experience and our participation in other pending and completed controlled substances and/or financial investigations involving ongoing, extensive experience in conspiracies of this nature involving large amounts of controlled substances and money, I know the following:

a.   It is common for persons involved in conspiracies of this nature to secrete contraband, proceeds of drug sales, and records of drug transactions in their residence or other buildings under their control.

b.   Persons involved in conspiracies of this nature frequently keep near at hand, in their residence or other buildings under their control, paraphernalia for packaging, cutting, weighing and distributing of drugs. These paraphernalia include, but are not limited to scales, plastic bags, and cutting agents.

c.   Persons involved in conspiracies of this nature maintain books, records, receipts, notes, ledgers, airline tickets, money orders and other papers relating to the transportation, ordering, sale and distribution of controlled substances. Persons involved in conspiracies of this nature commonly "front" (provide drugs on consignment) marijuana to their clients. The aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the drug traffickers have ready access to them, specifically in their residence or in other buildings under their control.

d.   I also know from my experience and training, as well as from discussions I have had with other law enforcement officers, that such records and documents are kept and stored in computers and electronic-memory devices in addition to or in lieu of hard-copy versions of this data. Similar to filing cabinets, boxes, or other physical devices for such records and documents, computers, electronic storage media and peripherals are commonplace and are often located inside residences. Further, documents and records can be "hidden" within such electronic storage media.

e.   Drug traffickers commonly maintain telephone bills, invoices, packaging, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones, including SIMS cards (Subscriber Identity Modules) and all data stored within the telephones/devices; digital and/or alphanumeric text (two-way) pagers; computers, electronic storage media and peripherals, answering machines; address and/or telephone books and other

5

papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association in fact with Allen **WILLIAMS** or persons known to traffic in controlled substances or to facilitate such trafficking. These records are maintained where drug traffickers have ready access to them, specifically, in their residence or in other buildings under their control.

  f. Persons involved in conspiracies of this nature take or cause to be taken photographs of them, their associates, their property and their product. These traffickers frequently maintain these photographs in their residence or other buildings under their control.

  g. Persons involved in conspiracies of this nature conceal in their residence or other buildings under their control large amounts of currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances.

  h. When persons involved in conspiracies of this nature amass large proceeds from the sale of drugs that the drug traffickers attempt to legitimize these profits. I know that to accomplish these goals, they utilize financial institutions, including but not limited to, foreign and domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations and business fronts. They maintain record of these transactions in their residence or other buildings under their control.

  i I also know from my experience and training, as well as from discussions I have had with other law enforcement officers, that such records and documents are kept and stored in computers and electronic-memory devices in addition to or in lieu of hard-copy versions of this data. Similar to filing cabinets, boxes, or other physical devices for such records and documents, computers, electronic storage media and peripherals are commonplace and are often located inside residences. Further, documents and records can be "hidden" within such electronic storage media.

  j. Evidence of occupancy and residence including, but not limited to utility and telephone bills, canceled envelopes, rental or lease agreements, and keys, is relevant evidence in narcotics prosecutions.

  k. Persons involved in conspiracies of this nature frequently possess firearms and/or other weapons in their residence or other buildings under their control to protect their marijuana and/or United States currency.

  25. Based upon my analysis and review of the preceding information, I believe that probable cause exists indicating violations of Title 21, United States Code, Sections 846 and 841(a)(1).

**IV. CONCLUSION.**

26. Based upon the investigation by your affiant and other law enforcement officers, I believe that controlled substances, drug proceeds, and/or documents evidencing WILLIAMS's participation and the participation with others in drug trafficking will be found at the **target residence**.

## V. REQUEST FOR SEALING.

27. Because this investigation is ongoing and its success would be jeopardized if the contents of this affidavit were made public, I am requesting that this affidavit and the accompanying search-warrant documents be sealed until further order of the Court.

Dated this 11 day of July, 2019.

_____
Matthew Binnie
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 11 day of July 2019.

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

7

## ATTACHMENT A

## Location to be Searched



**11635 Helenoak Dr., Black Jack, MO 63033**

8

## ATTACHMENT B

### Items to be Seized

Any and all items which constitute evidence, fruits, and instrumentalities of violations of Title 21, U.S.C. §§ 841(a)(1), 846 (possession with intent to distribute narcotics and conspiracy to distribute narcotics); and Title 18, U.S.C. §§ 922(g) and 924(c) (felon in possession of firearms, ammunition, and possession of firearms in furtherance of drug trafficking crimes). including but not limited to the following:

1. Heroin, fentanyl, and other controlled substances;

2. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies and spoons;

3. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

4. Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

5. Photographs, in particular photographs of co-conspirators, of assets, and/or of controlled substances;

6. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of heroin, fentanyl, and/or any other controlled substance, or which are proceeds from the distribution of heroin, fentanyl, and/or any other

controlled substance;

7. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

8. Papers, tickets, notes, schedules, receipts and other items relating to travel or transportation, including, but not limited to, travel;

9. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys;

10. Firearms, ammunition and or other weapons;

11. Security systems, cameras, cables, recording devices, monitors, cellular telephones and other video surveillance equipment.